UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KENARICE IRVING,

                Plaintiff,

                                                                **ORDER**
    -against-                                                24-CV-1707 (OEM) (LB)

U.S. BORDER AGENCY,

                Defendant.
------------------------------------------------------------------------X
**ORELIA E. MERCHANT, United States District Judge:**

      *Pro se* plaintiff, Kenarice Irving ("Plaintiff"), brings this action, along with an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See generally*, ECF 2, IFP Application ("IFP App."). For the reasons discussed below, Plaintiff's application to proceed *in forma pauperis* is denied. To proceed with this action, Plaintiff must either file a Long Form IFP application or pay the $405.00 filing fee within 14 days from the entry of this order.

      28 U.S.C. § 1915 allows a litigant to pursue a claim in federal court "without prepayment of fees or security" so long as they "submit[ ] an affidavit" that establishes "that the person is unable to pay such fees." 28 U.S.C. § 1915(a); *See Benesi-Griffin v. City of New York, Queens Cnty.*, No. 23-CV-07631OEMMMH, 2023 WL 8003334, at *1 (E.D.N.Y. Nov. 17, 2023). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A), and courts in this district often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g., Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Engineers*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021).

      As to whether Plaintiff qualifies for in *forma pauperis status*, that "decision ... is left to the

District Court's discretion[.]" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). "The Supreme Court has long held that 'an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life.'" *Brooks v. Aiden 0821 Cap. LLC*, No. 19-CV-6823 (GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948)) (internal quotation marks omitted). "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244.

"If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case,'' then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).

Plaintiff's affidavit declares that he is unemployed, retired, and purportedly does not receive income from any other sources as he does not provide any other information. IFP App. ¶¶ 2. There is no mention as to whether he receives a pension or any other retirement benefit, and if he does receive such form of benefits, there is no indication of the monthly amount received. *Id.* ¶¶ 2, 3. Plaintiff leaves blank all the other sections seeking information concerning whether he has cash or money in a checking or savings account, regular monthly expenses, financial dependents, debts, financial obligations, or any assets. *Id.* ¶¶ 4–8. Thus, the Court is unable to

determine if Plaintiff is able to afford to pay the $405.00 filing fee at this current juncture.

Accordingly, Plaintiff's IFP application is denied. In order to proceed with this action, Plaintiff must either file a Long Form IFP application or pay the $405.00 filing fee within 14 days from the entry of this order.

The Clerk of Court is directed to send a Long Form IFP application to Plaintiff along with this Order. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                                       /s/
                                          ORELIA E. MERCHANT
                                          United States District Judge

Dated: April 22, 2024
Brooklyn, New York